UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:12-cv-23131-UNGARO

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) |
| FABRIZIO NEVES, and | ) |
| JOSE LUIS LUNA, | ) |
| | ) |
| Defendants, | ) |
| | ) |

## JUDGMENT OF PERMANENT INJUNCTION AND OTHER RELIEF AS TO DEFENDANT JOSE LUIS LUNA

Plaintiff Securities and Exchange Commission commenced this action by filing its Complaint against, among others, Defendant Jose Luis Luna ("Luna").    In its Complaint, the Commission sought, among other relief against Luna:

- A permanent injunction to prohibit violations of Section 17(a)(1), (2), and (3) of the Securities Act of 1933 ("Securities Act"), [15 U.S.C. § 77q(a)(1), (2), and (3)], Section 10(b) and Rule 10b-5 (a), (b), and (c) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78j(b) and 17 C.F.R. §§ 240.10b-5 (a), (b), and (c)]; and aiding and abetting violations of Exchange Act Section 15(c)(1)(A) [15 U.S.C. § 78o(c)(1)(A)]; and

- An order providing for disgorgement, plus prejudgment interest, and a civil money penalty.

Luna, by the attached Consent, waives service of the summons and Complaint and, without admitting or denying the allegations in the Complaint, except that he admits the jurisdiction of this Court over him and over the subject matter of this action, has agreed to the entry of this Judgment of Permanent Injunction and Other Relief as to Defendant Jose Luis Luna ("Judgment"). Luna also has waived findings of fact and conclusions of law and has waived any right to appeal from this Final Judgment. This Court, having accepted Luna's Consent and having jurisdiction over him and the subject matter of this action, and having considered the record in this case, orders as follows:

## I.

**IT IS ORDERED AND ADJUDGED** that Luna and his agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Exchange Act Rule 10b-5 [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud concerning the price of any security, including any fee charged; or

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading concerning the price of any security, including any fee charged; or

(c)     to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person concerning the price of any security, including any fee charged.

## II.

IT IS FURTHER ORDERED AND ADJUDGED that Luna and his agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 17(a) of the Securities Act [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by the use of the mails, directly or indirectly:

(a)     to employ any device, scheme, or artifice to defraud concerning the price of any security, including any fee charged; or

(b)     to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading concerning the price of any security, including any fee charged; or

(c)     to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit concerning the price of any security, including any fee charged.

## III.

IT IS FURTHER ORDERED AND ADJUDGED that Luna and his agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual

notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from aiding and abetting any violation of Section 15(c)(1)(A) of the Exchange Act [15 U.S.C. § 78o(c)(1)(A)] by knowingly providing substantial assistance to a broker or dealer that makes use of the mails or any means or instrumentality of interstate commerce to effect any transaction in, or to induce or attempt to induce the purchase or sale of, any security (other than commercial paper, bankers' acceptances, or commercial bills) otherwise than on a national securities exchange of which it is a member, or any security-based swap agreement, by means of any manipulative, deceptive, or other fraudulent device or contrivance concerning the price of any security, including any fee charged.

## IV.

**IT IS FURTHER ORDERED AND ADJUDGED** that Luna shall pay a civil penalty pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d) of the Exchange Act [15 U.S.C. § 78u(d)]. The Court shall determine the amount of the civil penalty upon motion of the Commission. In connection with the Commission's motion for civil penalties, and at any hearing held on such a motion: (a) Luna will be precluded from arguing that he did not violate the federal securities laws as alleged in the Complaint; (b) Luna may not challenge the validity of this Consent or the Judgment; (c) solely for the purposes of such motion, the allegations of the Complaint shall be accepted as and deemed true by the Court; and (d) the Court may determine the issues raised in the motion on the basis of affidavits, declarations, excerpts of sworn deposition or investigative testimony, and documentary evidence, without regard to the standards for summary judgment contained in Rule 56(c) of the Federal Rules of Civil Procedure. In connection with the Commission's motion for civil penalties, the parties may take discovery, including discovery from

appropriate non-parties.

**V.**

**IT IS FURTHER ORDERED AND ADJUDGED** that Luna is liable for disgorgement of $923,704.85, representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $241,643.51.  Luna shall satisfy this obligation by paying $1,165,348.36 to the Securities and Exchange Commission within 14 days after entry of this Judgment.

Luna may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request.  Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm.  Luna may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to:

> Enterprise Services Center
> Accounts Receivable Branch
> 6500 South MacArthur Boulevard
> Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Jose Luis Luna as a defendant in this action; and specifying that payment is made pursuant to this Judgment.

Luna shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action, Edward D. McCutcheon.  By making this payment, Luna relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Luna.  The Commission shall send the funds paid pursuant to this

5

Judgment to the United States Treasury.

The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after 14 days following entry of this Judgment.  Luna shall pay post judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

## VI.

**IT IS FURTHER ORDERED AND ADJUDGED**  that the Consent is incorporated into this Judgment with the same force and effect as if fully set forth herein, and that Luna shall comply with all of the undertakings and agreements set forth therein.

## VII.

**IT IS FURTHER ORDERED AND ADJUDGED** that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Judgment.

## VIII.

**IT IS FURTHER ORDERED AND ADJUDGED** that there being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Judgment forthwith and without further notice.

Dated: _Aug 29_ , 2012

**HON. URSULA UNGARO**
**UNITED STATES DISTRICT JUDGE**

6