**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 12-23131-CV-UNGARO**

SECURITIES AND EXCHANGE COMMISSION,

      Plaintiff,

v.

FABRIZIO NEVES and
JOSE LUNA,

      Defendants.

_____/

**DEFENDANT FABRIZIO NEVES' ANSWER**
**AND AFFIRMATIVE DEFENSES TO THE COMPLAINT**

Defendant Fabrizio Neves ("Neves"), answers plaintiff Securities and Exchange Commission's ("SEC") Complaint for Injunctive and Other Relief ("Complaint") and asserts his affirmative defenses as follows:

**I.**      **INTRODUCTION**

1.     Neves admits that he was a registered representative associated with the now-defunct Miami, Florida broker-dealer LatAm Investments, LLC ("LatAm").  Neves denies the remaining allegations in Paragraph 1 of the Complaint.

2.     Neves denies the allegations in Paragraph 2 of the Complaint.

3.     Neves denies the allegations in Paragraph 3 of the Complaint.

4.     Neves denies the allegations in Paragraph 4 of the Complaint.

5.     Neves denies the allegations in Paragraph 5 of the Complaint.

**II.**      **DEFENDANTS**

6.     Neves admits the first and second sentences of Paragraph 6 of the Complaint. Neves admits that he purchased a 1% interest in LatAm and that he held Series 7 and Series 66

{26406321;4}

licenses.  Neves also admits that, without admitting or denying any of FINRA's allegations, he consented to surrender his FINRA licenses in May 2010.  Neves denies the remaining allegations in Paragraph 6 of the Complaint.

7.     Neves is without knowledge as to the first sentence of Paragraph 7 of the Complaint.  Neves admits that Luna possessed a Series 7 license and that Luna joined LatAm around the same time Neves joined LatAm.  Neves denies the remaining allegations in Paragraph 7 of the Complaint.

8.     Neves admits that during the period at issue in the Complaint, LatAm had its principal place of business in Miami, Florida.  Neves is without knowledge of the remaining allegations in Paragraph 8 of the Complaint.

### III.     JURISDICTION AND VENUE

9.     Neves denies the allegations and legal conclusions in Paragraph 9 of the Complaint.

10.     Neves denies the allegations and legal conclusions in Paragraph 10 of the Complaint.

11.     Neves admits that LatAm's primary place of business was in the Southern District of Florida during the period at issue in the Complaint.  Neves denies the remaining allegations and legal conclusions in Paragraph 11 of the Complaint.

### IV.     THE DEFENDANTS' FRAUDULENT INVESTMENT SCHEME

12.     Neves admits that in or around May 2006, he joined LatAm as a registered representative and acquired a 1% ownership interest in the firm.  Neves also admits that he brought Atlantica Administradora De Recursos Ltda. ("Atlantica") to LatAm as a customer. Neves denies the remaining allegations in Paragraph 12 of the Complaint.

13.     Neves denies the allegations in Paragraph 13 of the Complaint.

14.     Neves admits that Neves and Luna met in 2003 when Neves was working at another broker-dealer where Luna was employed.  Neves also admits that in or about 2005, Neves left the broker-dealer when another firm hired the president of the broker-dealer, Neves, and Luna.  Neves denies the remaining allegations in Paragraph 14 of the Complaint.

15.     Neves denies the allegations in Paragraph 17 of the Complaint inasmuch as the allegations purport to describe a "typical structured note transaction."

16.     Neves denies the allegations in Paragraph 16 of the Complaint.

17.     Neves denies the allegations and legal conclusions in Paragraph 17 of the Complaint.

18.     Neves denies the allegations and legal conclusions in Paragraph 18 of the Complaint.

19.     Neves denies the allegations and legal conclusions in Paragraph 19 of the Complaint.

20.     Neves denies the allegations in Paragraph 20 of the Complaint.

21.     Neves denies the allegations in Paragraph 21 of the Complaint.

22.     Neves denies the allegations and legal conclusions in Paragraph 22 of the Complaint.

23.     Neves denies the allegations in Paragraph 23 of the Complaint.

24.     Neves denies the allegations in Paragraph 24 of the Complaint.

25.     Neves denies the allegations in Paragraph 25 of the Complaint.

26.     Neves denies the allegations in Paragraph 26 of the Complaint.

27.     Neves denies the allegations in Paragraph 27 of the Complaint.

## V.    CLAIMS FOR RELIEF

### COUNT I – FRAUD IN VIOLATION OF
### SECTION 10(b) AND RULE 10b-5 OF THE EXCHANGE ACT

28.     Neves restates, re-alleges, and incorporates by reference his responses to Paragraphs 1 through 27 of the Complaint as if fully set forth herein.

29.     Neves denies the allegations and legal conclusions in Paragraph 29 of the Complaint.

30.     Neves denies the allegations and legal conclusions in Paragraph 30 of the Complaint.

### COUNT II – FRAUD IN VIOLATION OF
### SECTION 17(a)(1) OF THE SECURITIES ACT

31.     Neves restates, re-alleges, and incorporates by reference his responses to Paragraphs 1 through 27 of the Complaint as if fully set forth herein.

32.     Neves denies the allegations and legal conclusions in Paragraph 32 of the Complaint.

33.     Neves denies the allegations and legal conclusions in Paragraph 33 of the Complaint.

### COUNT III – FRAUD IN VIOLATION OF
### SECTION 17(a)(2) AND (3) OF THE SECURITIES ACT

34.     Neves restates, re-alleges, and incorporates by reference his responses to Paragraphs 1 through 27 of the Complaint as if fully set forth herein.

35.     Neves denies the allegations and legal conclusions in Paragraph 35 of the Complaint.

36.     Neves denies the allegations and legal conclusions in Paragraph 36 of the Complaint.

**COUNT IV – AIDING AND ABETTING LATAM'S**
**VIOLATIONS OF SECTION 15(c) OF THE SECURITIES EXCHANGE ACT**

37.     Neves restates, re-alleges, and incorporates by reference his responses to Paragraphs 1 through 27 of the Complaint as if fully set forth herein.

38.     Neves denies the allegations and legal conclusions in Paragraph 38 of the Complaint.

39.     Neves denies the allegations and legal conclusions in Paragraph 39 of the Complaint.

**RELIEF REQUESTED**

Neves denies the allegations and legal conclusions in the WHEREFORE clause of the Complaint and further denies that SEC is entitled to judgment for any of the relief sought in the Complaint.

**GENERAL DENIAL**

All other allegations not specifically admitted herein are denied.

## AFFIRMATIVE DEFENSES

Neves states the following affirmative defenses without assuming the burden of proof on such defenses that otherwise would rest on the SEC:

### First Affirmative Defense

The SEC fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

The SEC fails to state a claim upon which relief can be granted because, among other things, it has failed to allege facts showing that Neves acted with the requisite level of scienter required by law.

### Third Affirmative Defense

The SEC fails to state a claim upon which relief can be granted because, among other things, it has failed to identify material facts which were the subject of misrepresentations and/or omissions made by Neves, as required by law.

### Fourth Affirmative Defense

The SEC's claims for the first four transactions alleged in the Complaint (the alleged "excessive same-day markups") are barred by the statute of limitations.  *See Gabelli v. S.E.C.*, No. 11-1274, 133 S. Ct. 1216 (Feb. 27, 2013).

### Fifth Affirmative Defense

Permanent injunctive relief is improper and moot inasmuch as the activity alleged in the Complaint has ceased.

AKERMAN SENTERFITT, ONE SOUTHEAST THIRD AVENUE, SUITE 2500, MIAMI, FL 33131-1714

*Sixth Affirmative Defense*

The SEC fails to allege fraud with the requisite particularity by, <u>inter alia</u>, failing to plead with precision the circumstances surrounding the alleged fraudulent transactions including the date, time, and/or manner of the alleged fraudulent transactions

*Seventh Affirmative Defense*

The alleged markups on the transactions alleged in the Complaint were not excessive and did not violate applicable FINRA rules or guidance.

*Eighth Affirmative Defense*

The conduct for which the SEC seeks to hold Neves liable resulted, if at all, from the acts or omissions of third parties.  Neves is in no way responsible for or liable for any of such acts or omissions on the part of third parties.

*Ninth Affirmative Defense*

The SEC's requested disgorgement amounts cannot be established with sufficient certainty or causation.

*Tenth Affirmative Defense*

Neves has no liability for any of the conduct alleged in the Complaint because he was not in a supervisory position at LatAm and did not possess a supervisory license from FINRA.  The conduct for which the SEC seeks to hold Neves liable resulted, if at all, from the failure of the principals, officers, consultants, clearing firms, and/or attorneys of LatAm to adequately supervise the conduct alleged in the Complaint.  Neves is not liable for any such supervisory failures of the principals, officers, consultants, clearing firms, and/or attorneys of LatAm.

Dated: May 20, 2013                    Respectfully submitted,

                                       **AKERMAN SENTERFITT**
                                       One Southeast Third Avenue
                                       25th Floor
                                       Miami, FL  33131-1714
                                       Phone: (305) 374-5600
                                       Fax:  (305) 374-5095


                                       By: s/Brian P. Miller
                                           Brian P. Miller, Esq.
                                           Florida Bar Number:  0980633
                                           Primary E-mail: brian.miller@akerman.com
                                           Secondary E-mail: kelly.connolly@akerman.com
                                           Louis F. Mendez, Esq.
                                           Florida Bar Number:  0099558
                                           Primary E-mail: louis.mendez@akerman.com
                                           Secondary E-mail: giselle.cordoves@akerman.com

                                           *Attorneys for Fabrizio Neves*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 20, 2013, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on the parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

<u>s/Brian P. Miller</u>
Brian P. Miller

## SERVICE LIST

Robert K. Levenson
Securities and Exchange Commission
801 Brickell Avenue, Suite 1800
Miami, FL  33131
Tel:  305-982-6341
Direct:  305-982-6380
Fax:  305-536-4154
E-mail:  levensonr@sec.gov