UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 12-23131-CV-UNGARO

SECURITIES AND EXCHANGE COMMISSION,   )
                                      )
              Plaintiff,              )
                                      )
v.                                    )
                                      )
FABRIZIO NEVES and                    )
JOSE LUNA,                            )
                                      )
              Defendants.             )
_____)

**FINAL JUDGMENT OF PERMANENT INJUNCTION AND OTHER RELIEF
AS TO DEFENDANT FABRIZIO NEVES**

The Securities and Exchange Commission having filed a Complaint, and Defendant Fabrizio Neves having: entered a general appearance; consented to the Court's jurisdiction over him and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to subject matter and personal jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

**SECTION 10(B) AND RULE 10b-5 OF THE SECURITIES EXCHANGE ACT OF 1934**

**IT IS ORDERED AND ADJUDGED** that Neves and his agents, servants, employees, attorneys, representatives and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78j(b)] and Exchange Act Rule 10b-5 [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the

mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud concerning the price of any security, including any fee charged; or

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading concerning the price of any security, including any fee charged; or

    (c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person concerning the price of any security, including any fee charged.

## II.

### SECTION 17(A) OF THE SECURITIES ACT OF 1933

**IT IS FURTHER ORDERED AND ADJUDGED** that Neves and his agents, servants, employees, attorneys, representatives and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by the use of the mails, directly or indirectly:

    (a)    to employ any device, scheme, or artifice to defraud concerning the price of any security, including any fee charged; or

(b) to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading concerning the price of any security, including any fee charged; or

(c) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit concerning the price of any security, including any fee charged.

### III.

### SECTION 15(C) OF THE EXCHANGE ACT

**IT IS FURTHER ORDERED AND ADJUDGED** that Neves and his agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from aiding and abetting any violation of Section 15(c)(1)(A) of the Exchange Act [15 U.S.C. § 78o(c)(1)(A)] by knowingly providing substantial assistance to a broker or dealer that makes use of the mails or any means or instrumentality of interstate commerce to effect any transaction in, or to induce or attempt to induce the purchase or sale of, any security (other than commercial paper, bankers' acceptances, or commercial bills) otherwise than on a national securities exchange of which it is a member, or any security-based swap agreement, by means of any manipulative, deceptive, or other fraudulent device or contrivance concerning the price of any security, including any fee charged.

### IV.

### DISGORGEMENT, PREJUDGMENT INTEREST, AND CIVIL PENALTY

**IT IS FURTHER ORDERED AND ADJUDGED** that Neves is liable for disgorgement

3

of $4,200,000, prejudgment interest in the amount of $150,000, and a civil penalty of $150,000 pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d) of the Exchange Act [15 U.S.C. § 78u(d)]. Neves shall satisfy this obligation according to the following payment plan: (1) $500,000 previously escrowed shall be paid within 14 days of entry of the Final Judgment; (2) $500,000 shall be paid within four months of entry of the Final Judgment; (3) $500,000 shall be paid within eight months of entry of the Final Judgment; and (4) the remainder shall be paid within one year of entry of the Final Judgment. Neves shall pay post judgment interest pursuant to 28 U.S.C. § 1961 on all amounts except the initial payment of $500,000, and on any delinquent amounts. Payments shall be deemed made on the date they are received by the Commission and shall be applied first to post judgment interest, which accrues on any unpaid amounts due after 14 days of the entry of Final Judgment. Prior to making the final payment set forth herein, Neves or his attorney shall contact the staff of the Commission for the amount due for the final payment.

If Neves fails to make any payment by the date agreed and/or in the amount agreed according to the schedule set forth above, all outstanding payments under this Final Judgment, including post-judgment interest, minus any payments made, shall become due and payable immediately. The Commission may at that point enforce the Final Judgment for disgorgement by moving for civil contempt (and/or through other collection procedures authorized by law) at any time.

Neves may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Neves may also pay by certified check, bank

4

cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to:

> Enterprise Services Center
> Accounts Receivable Branch
> 6500 South MacArthur Boulevard
> Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court, Neves as a defendant in this action, and specifying that payment is made pursuant to this Final Judgment.

Neves shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action, Robert K. Levenson, 801 Brickell Avenue, Suite 1800, Miami, FL, 33131. By making this payment, Neves relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Neves. The Commission shall hold the funds, together with any interest and income earned thereon (collectively, the "Fund"), pending further order of the Court.

The Commission may propose a plan to distribute the Fund subject to the Court's approval. Such a plan may provide that the Fund shall be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002. The Court shall retain jurisdiction over the administration of any distribution of the Fund. If the Commission staff or the Court determines that the Fund will not be distributed, the Commission shall send the funds paid pursuant to the Final Judgment to the United States Treasury.

Regardless of whether any such Fair Fund distribution is made, amounts ordered to be paid as civil penalties pursuant to the Final Judgment shall be treated as penalties paid to the government for all purposes, including all tax purposes. To preserve the deterrent effect of the

5

civil penalty, Neves shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action based on Neves' payment of disgorgement in this action, argue he is entitled to, nor shall he further benefit by, offset or reduction of such compensatory damages award by the amount of any part of Neves' payment of a civil penalty in this action ("Penalty Offset"). If the court in any Related Investor Action grants such a Penalty Offset, Neves shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs. Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in the Final Judgment. For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against Neves by or on behalf of one or more investors based on substantially the same facts as alleged in the Complaint in this action.

Neves agrees he shall not seek or accept, directly or indirectly, reimbursement or indemnification from any source, including but not limited to payment made pursuant to any insurance policy, with regard to any civil penalty amounts he pays pursuant to the Final Judgment, regardless of whether such penalty amounts or any part are added to a distribution fund or otherwise used for the benefit of investors. Neves further agrees he shall not claim, assert, or apply for a tax deduction or tax credit with regard to any federal, state, or local tax for any civil penalty amounts Neves pays pursuant to the Final Judgment, regardless of whether such civil penalty amounts or any part are added to a distribution fund or otherwise used for the benefit of investors.

V.

## INCORPORATION OF CONSENT

**IT IS FURTHER ORDERED AND ADJUDGED** that the Consent is incorporated into this Final Judgment with the same force and effect as if fully set forth herein, and that Neves shall comply with all of the undertakings and agreements set forth therein.

VI.

## RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED AND ADJUDGED** that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

VII.

## RULE 54(B) CERTIFICATION

**IT IS FURTHER ORDERED AND ADJUDGED** that there being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Judgment forthwith and without further notice.

IT IS FURTHER ORDERED AND ADJUDGED that all pending motions are DENIED AS MOOT.

**DONE AND ORDERED** in Chambers in Miami, Florida, this 10 day of Feb., 2014.

THE HON. URSULA UNGARO
**UNITED STATES DISTRICT JUDGE**